July 7, 1993
 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 91-1794

 UNITED STATES OF AMERICA,
 Appellee,

 v.

 GARY BARROWS,
 Defendant, Appellant.

 

 ERRATA SHEET

 The opinion of this Court issued on June 24, 1993, is
amended as follows:

 On cover sheet "United Staates Attorney" should read "United
 
States Attorney".
 

July 1, 1993
 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 91-1794

 UNITED STATES OF AMERICA,
 Appellee,

 v.

 GARY BARROWS,
 Defendant, Appellant.

 

 ERRATA SHEET

 The opinion of this Court issued on June 24, 1993, is
amended as follows:

 On cover sheet under list of counsel "Assistant United
States Attornery Thomas C. Frangillo" should be corrected to read
"Assistant United States Attorney Fongillo."

June 25, 1993
 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 91-1794

 UNITED STATES OF AMERICA,
 Appellee,

 v.

 GARY BARROWS,
 Defendant, Appellant.

 

 ERRATA SHEET

 The opinion of this Court issued on June 24, 1993, is
amended as follows:

 On page 2, line 11: replace "taking" with "taken" 

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 91-1794

 UNITED STATES,

 Appellee,

 v.

 GARY BARROWS,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Douglas P. Woodlock, U.S. District Judge]
 

 

 Before

 Torruella, Circuit Judge,
 
 Campbell, Senior Circuit Judge,
 
 and Boudin, Circuit Judge.
 

 

Gregory Burr Macaulay, by appointment of the Court, for
 
appellant.
Thomas C. Frangillo, Assistant United States Attorney, with whom
 
A. John Pappalardo, United States Attorney, was on brief for appellee.
 

 

 June 24, 1993
 

 Per Curiam. Gary Barrows appeals his conviction and
 

sentence for being a felon in possession of a firearm. 18

U.S.C. 922(g)(1). Barrows was charged in this case

following the discovery of a .22 caliber revolver in a

vehicle occupied by Barrows and three others during a routine

traffic stop by two Boston police officers. At the time of

the stop, Barrows was seated on the back seat of the car.

After approaching the vehicle, Officer Matthews saw Barrows

remove the gun from his waist, toss it onto the floorboard,

and kick it underneath the car's front seat. All four

occupants of the car were arrested and taken to the police

station for booking.

 At the police station, Barrows told the two officers

that his companions were not responsible for the gun and

Barrows admitted that it belonged to him. As Barrows had

four prior felony convictions, he was charged with being a

felon in possession of a firearm. Barrows was convicted

following a jury trial that included the testimony of the two

police officers. Thereafter, Barrows was sentenced under the

Armed Career Criminal Act, 18 U.S.C. 924(e), to a mandatory

minimum fifteen-year term of imprisonment, and to three years

of supervised release. 

 In this appeal, Barrows first contends that Officer

Matthews' observation of Barrows' possession of the revolver

is not independent evidence corroborating his subsequent

 -2-

admissions to ownership, and that without this testimony the

evidence was insufficient to convict. Under Opper v. Smith,
 

348 U.S. 84 (1954), an extrajudicial admission must be

corroborated by independent evidence in order to support a

conviction. Barrows maintains that the testimony concerning

his physical possession of the gun does not qualify as

"independent" evidence because it came from the same source--

broadly construed by Barrows as encompassing all law

enforcement officials--that testified to his post-arrest

statements.

 The requirement of independence refers to the evidence,
 

not to the source of the evidence. Opper, 348 U.S. at 93.
 

Testimony that is otherwise admissible or corroborative "does

not suddenly become less admissible or corroborative or

itself in need of corroboration simply because the eyewitness

also heard the defendant confess." United States v.
 

O'Connell, 703 F.2d 645, 648 (1st Cir. 1983) (emphasis in
 

original). Since the government in this case did not rely

solely on Barrows' admissions but instead introduced other

evidence of Barrows' possession of the gun, his argument

based on Opper must fail.
 

 Barrows next contends that the record does not establish

that he knowingly and intelligently waived his right to

testify at his trial. We disagree. The record reveals that

the district court, upon being informed that Barrows wished

 -3-

to testify against the advice of counsel, fully advised

Barrows regarding his right to testify in his defense. The

district judge informed Barrows that his prior convictions

would be brought out if Barrows testified, but that "Mr.

Howard [Barrows' lawyer] can't tell you what to do. It's

going to have to be your own decision." Pertinently, the

district court also told Barrows that if he had any questions

he could raise them with the court, and that unless the court

heard otherwise it would assume that whatever decision was

made was Barrows' own choice.

 No more elaborate procedure than this was required.

Neither Barrows nor his trial counsel informed the court

after this discussion that Barrows still wished to testify.

Barrows did not take the stand. Given this record, we must

conclude, as did the district court, that Barrows knowingly

and intelligently waived his right to testify in his behalf.

 Finally, Barrows requests a remand for re-sentencing,

claiming that he did not have a sufficient opportunity to

review his presentence report. Under Fed. R. Crim. P.

32(c)(3)(A), a criminal defendant must be provided with a

copy of the presentence report at least ten days in advance

of sentencing unless the defendant waives the minimum ten-day
 

period. At the outset of the sentencing hearing, Barrows'

lawyer informed the district court that he had neglected to

furnish his client with a copy of the presentence report

 -4-

which was timely sent to Barrows' counsel. The lawyer did

state, however, that he had reviewed the report with Barrows

on previous occasions. The district court then recessed in

order to allow Barrows to read the report.

 When the hearing re-convened, Barrows' lawyer informed

the court that he had reviewed the report with Barrows "page

by page." Neither Barrows nor his counsel indicated that

they needed additional time to go over the report. In our

view, the failure to invoke Rule 32(c)(3)(A) or request a

continuance effectively waives the claim, absent a

miscarriage of justice. Here there is no indication of any

prejudice since Barrows does not claim that his sentence--

determined solely on the basis of his prior convictions--was

wrongly computed. See United States v. Wright, 873 F.2d
 

437, 445 (1st Cir. 1989) (late disclosure of addendum to

presentence report was harmless error). Absent an arguable

error in the sentence, a remand for re-sentencing would be

pointless even if the claim had not been waived.

 Affirmed.
 

 -5-